# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, MORAN, and CAMPANELLA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 SO THANE THACH**
**United States Army, Appellant**

ARMY 20121060

Headquarters, 7th Infantry Division
David L. Conn, Military Judge
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Major Candace N. White Halverson, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

31 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

Upon review of the entire record pursuant to Article 66, UCMJ, we note that the convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. Appellant and the convening authority, however, entered into a pretrial agreement wherein the convening authority agreed, *inter alia*, to approve only 150 days confinement.

Despite the convening authority's erroneous action, the record indicates that appellant was not prejudiced and received the benefit of his bargain. A document attached to appellant's clemency submissions indicates that the maximum release date of appellant from confinement was 150 days from the date of sentencing. Appellant was released from confinement and placed on excess leave less than 120 days after his sentence was adjudged and did not serve confinement in excess of that which was contained in the pretrial agreement. We, nonetheless, must act to correct this error.

THACH—ARMY 2012060

Upon consideration of the entire record, the findings of guilty are AFFIRMED. We affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for 150 days, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2